# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 16, 2016

Lyle W. Cayce
Clerk

No. 15-11071

_____

ARMOUR ROBINSON, on Behalf of Herself and All Others Similarly
Situated,

      Plaintiff - Appellant

v.

NEXION HEALTH AT TERRELL, INCORPORATED,

      Defendant - Appellee

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No.  3:12-CV-3853

_____

Before JONES, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

The court has carefully considered this Fair Labor Standards Act case in light of the briefs and excellent oral arguments, and a thorough review of the record.  We conclude that although it is a close question, there are material fact issues concerning (a) whether the defendant maintained accurate and complete time records, (b) whether Nexion knew that the plaintiff was working "off the clock," and (c) whether and to what extent the plaintiff was instructed

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-11071

to and did work "off the clock," rendering her eligible to receive even more overtime compensation than she already was paid. The "sham affidavit" rule, which prevents a party from defeating a motion for summary judgment "using an affidavit that impeaches, without explanation, sworn testimony," *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 495 (5th Cir. 1996), is inapposite here because the plaintiff's deposition testimony and subsequent affidavit can be reconciled. In remanding this case for further proceedings, we do not express an opinion on its ultimate merits. The district court's summary judgment is **REVERSED** and **REMANDED**.